

FILED

06/15/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0075

DA 19-0075

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 150N

IN THE MATTER OF:

J.S.,

Respondent and Appellant.

FILED

JUN 1 5 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DI 18-27B
Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Chad Wright, Appellate Defender, Kathryn Hutchison, Assistant Appellate
Defender, Helena, Montana

    For Appellee:

        Austin Knudsen, Montana Attorney General, Damon Martin, Assistant
Attorney General, Helena, Montana

        Marty Lambert, Gallatin County Attorney, Eric Kitzmiller, Deputy
County Attorney, Bozeman, Montana

Submitted on Briefs:  May 12, 2021

Decided:  June 15, 2021

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 J.S. appeals from the Order for Commitment issued December 6, 2018, by the Eighteenth Judicial District Court, Gallatin County, finding J.S. to suffer from a mental disorder with resultant inability to care for herself and committing her to the Montana State Hospital (MSH). We affirm.

¶3 J.S. has paraplegia and is paralyzed from the waist down and requires a wheelchair for mobility. In December 2017, J.S. was homeless and living in a hotel room. She was admitted to Bozeman Deaconess Hospital on December 21, 2017, after she was found on the floor of her hotel room, having fallen out of her wheelchair. J.S. was soiled and unable to get up. J.S. remained in the hospital for over eleven months, as she requires nursing assistance to care for her personal hygiene and medical conditions and the hospital was unable to find a suitable placement to which it could discharge her. During her stay at Bozeman Deaconess, J.S. was defiant and threatening toward staff, had substantial difficulty meeting her basic needs, and demonstrated self-harm behaviors. Psychiatrist Anne Rich diagnosed J.S. with major depressive disorder and borderline personality disorder.

2

¶4 Based on Dr. Rich's recommendation, the State filed to involuntarily commit J.S. to the MSH on November 30, 2018. The District Court held an initial hearing on December 3, 2018, at which it found probable cause for the petition and appointed Shannon Maroney as a professional person to examine J.S. The court held a combined evidentiary and dispositional hearing on December 6, 2018. Dr. Rich, Maroney, and Nichole Schmidt, a registered nurse who had cared for J.S. in the hospital, testified in support of the State's petition. They testified J.S. was threatening toward staff, she was diagnosed with major depressive disorder and borderline personality disorder, she was unable to take care of herself without support, and she demonstrated self-harming behaviors. J.S. testified on her own behalf. At the conclusion of the testimony, the District Court pronounced oral findings of fact and conclusions of law that covered over seven pages of the transcript. The court summarized the testimony of the State's three witnesses and the behaviors that made J.S. unable to care for herself. Later that day, the District Court issued a written order, stating J.S. suffers "from a mental disorder in the nature of a major depressive disorder and personality disorder and due to her mental disorder she is substantially unable to provide for her own basic needs of food, clothing, health, safety and shelter" and ordering the sheriff's office to transport J.S. to the MSH via ambulance service.

¶5 On appeal, J.S. argues the court's written order of commitment did not contain a sufficiently detailed statement of facts to justify J.S.'s involuntary commitment to the MSH, as required under § 53-21-127(8), MCA. J.S. contends when reviewing whether the District Court met the requirements of § 53-21-127(8), MCA, this Court should not

3

consider the more detailed findings of fact and conclusions of law the District Court made orally at the hearing, unless the written order is minimally sufficient standing alone. She relies on our statements in *In re S.M.*, 2014 MT 309, 377 Mont. 133, 339 P.3d 23, explaining "[t]he written order of commitment must at the least be adequate to 'apprise[] the receiving staff at [the commitment facility], treatment professionals, and even law enforcement who may be involved in transporting the patient, of the particular condition and behaviors that prompted hospitalization or gave rise to the need for commitment.'" *In re S.M.*, ¶ 29 (quoting *In re L.L.A.*, 2011 MT 285, ¶ 21, 362 Mont. 464, 267 P.3d 1) (alterations in original).

¶6 Section 53-21-127(8), MCA, mandates the District Court to make certain detailed findings of fact in ordering involuntary commitment. Section 53-21-127(8), MCA, does not expressly mandate those findings to be in writing. *See In re K.P.*, 2017 MT 68, ¶ 12, 387 Mont. 121, 391 P.3d 749. We have previously explained, a court's hearing findings support the written findings in a sufficiency determination under § 53-21-127(8), MCA. *See In re M.P.-L.*, 2015 MT 338, ¶ 20, 381 Mont. 496, 362 P.3d 627; *In re S.M.*, ¶ 22.

¶7 The District Court in this case pronounced a detailed oral order that covered more than seven pages of the transcript and detailed the testimony upon which it relied. The written order, while bare-bones, contained the necessary conclusions of law and explained J.S.'s diagnoses of major depressive disorder and personality disorder made her substantially unable to care for her own basic needs of food, clothing, health, safety, and shelter and ordered the sheriff's office to transport J.S. via ambulance service. Combined

with the extensive oral findings made on the record, the District Court made the detailed findings of fact required by § 53-21-127(8), MCA. While the District Court's written findings of fact could have been more detailed, and we would expect such in the future, we conclude the court's written findings in conjunction with its extensive oral findings at the hearing were sufficiently detailed to support J.S.'s commitment and met the requirements of § 53-21-127(8), MCA.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct.

¶9     Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5